HERBERT A. CADE, Judge Pro Tem.
Richard Tonry appeals from a judgment finding him in default on a promissory note and condemning him to pay $55,894.83, plus interest and attorneys fees. He argues that the debt was discharged in bankruptcy; alternatively, that the note was usurious. We find no merit to either argument.
Tonry was discharged in bankruptcy March 9, 1982. On that date a $100,000.00 debt owed Aiavolasiti was discharged. June 22, 1982 Tonry signed a new note, for $75,000.00, at 15 per cent interest, also payable to Aiavolasiti. Approximately twenty payments were made over the next year and a half. This is the note sued upon.
Tonry’s discharge in bankruptcy of course converted the first obligation to a natural obligation, which, though not enforceable in and of itself, may serve as cause for the confection of a new civil obligation. C.C.Arts. 1761,1762. The new obligation is enforceable, and the discharge in bankruptcy is ineffective to defeat it, if “direct, definite, express, clear, distinct, unambiguous and unequivocal.” See Service Finance Company of Baton Rouge, Inc. v. Daigle, 342 So.2d 1192, 1194 (La.App. 1st Cir.1977). On this record it is clear that the first debt constituted cause for the note, and that the note fits within the quoted definition.
It also clearly appears from the record testimony that the loan was made for commercial purposes. The defense of usury is therefore unavailing. C.C.Art. 2924(D).
The judgment is affirmed.
AFFIRMED.